**THE NEW YORK CENTER FOR LAW AND JUSTICE**
**2095 BROADWAY, SUITE 308**
**NEW YORK, NY 10023**
**(212) 757-2800**
**ATTORNEYS FOR THE PLAINTIFFS**


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**ROBERT BREEN and STELLA BREEN,**

                    **Plaintiffs,**

        **v.**                               **CIVIL ACTION NO. _____**

                                             **COMPLAINT AND DEMAND**
**WATERVIEW NURSING CARE**        **FOR JURY TRIAL**
**CENTER, INC., D/B/A**
**WATERVIEW NURSING AND**
**REHABILITATION CENTER,**

                    **Defendant.**
-------------------------------------------------------X

       Plaintiffs Stella Breen and Robert Breen, residing in Queens County, respectively file this

Complaint and would show the Court as follows:

<u>**NATURE OF THE CASE**</u>

       1.    This action is brought by Plaintiffs Stella Breen and Robert Breen against

Defendant Waterview Nursing Care Center, Inc., doing business as Waterview Nursing and

Rehabilitation Center, for Defendant's failure to provide effective communication and

reasonable accommodations for Plaintiffs' disability, and for discrimination based on disability

during Plaintiff Stella Breen's care while in Defendant's facilities. Plaintiffs experienced

humiliation and discrimination in violation of their civil rights through Defendant's policies and

practices of discrimination on the basis of disability.

       2.    Defendant denied Plaintiffs the opportunity to participate in, question, or

understand discussions and decisions concerning Stella Breen's healthcare. This denial of effective communication constitutes discrimination in violation of Title III of the Americans with Disabilities Act of 1990 (the "ADA"), Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), the New York City Human Rights Law, and the New York State Human Rights Law.

3.    Plaintiffs seek declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction over this action pursuant to §§ 504 and 505 of the Rehabilitation Act, and the Americans with Disabilities Act; inasmuch as federal questions are at issue, and also has pendent jurisdiction over this matter based on the nonfederal claims.

5.    This Court has personal jurisdiction over Defendant because Defendant resides in this district, and because acts and omissions of Defendant giving rise to this action occurred in this district.

## PARTIES

6.    Stella Breen was a resident of Queens County, New York at the time that the incidents herein described occurred, and remains a resident of Queens County. Stella Breen is profoundly deaf and communicates through American Sign Language. She requires a qualified American Sign Language interpreter, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendant's staff. Stella Breen is

also a qualified person with a disability pursuant to § 504 of the Rehabilitation Act and the New York State Human Rights Law.

7.     Robert Breen was and remains a resident of Kings County.  Robert Breen is married to and is a known companion of Stella Breen.  Robert Breen is profoundly deaf and communicates through American Sign Language.  He requires a qualified American Sign Language interpreter, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendant's staff.  Robert is also a qualified person with a disability pursuant to § 504 of the Rehabilitation Act and the New York State Human Rights Law.

8.     Defendant Waterview Nursing Care Center, Inc., is a domestic business corporation incorporated under the laws of the State of New York and is located in Queens County under the jurisdiction of New York.

9.     At all times relevant herein, Waterview Nursing Care Center, Inc. has owned, managed and operated the Waterview Nursing and Rehabilitation Center, located at 119-15 27th Ave., Flushing, New York 11354.

10.     The Defendant is a recipient of federal financial assistance.  Thus, Defendant is subject to the requirements of § 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

## FACTS

11.     The New York State Human Rights Law specifically prohibits discrimination based upon disability under N.Y. Exec. Law §292.

12.     The New York City Human Rights Law prohibits discrimination based on disability under N.Y.C. Admin. Code § 8-101 *et seq.*

13.     §504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance."

14.     The Americans with Disabilities Act of 1990 forbids discrimination and guarantees equal opportunity for persons with disabilities.

15.     Moreover, a place of public accommodation must provide "effective communication to companions who are individuals with disabilities." 28 C.F.R. § 36.303.

16.     Defendant's facility is a place of public accommodations within the meaning of N.Y. Exec. Law §292.

17.     As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to Plaintiffs who are deaf or hard of hearing to ensure effective communication. 28 C.F.R. § 36.303(c).

18.     Appropriate and reasonable auxiliary aids, which Defendant failed to provide, include interpreters for Plaintiffs to communicate about the care of Plaintiff Stella Breen. These aids were requested and never utilized by Defendant during Plaintiff's residency and care.

19.     Approximately five years ago, Plaintiff Stella Breen began residing at the Defendant's nursing home. Plaintiff Robert Breen, Stella Breen's husband, accompanied her during her admission.

20.     Plaintiffs have requested that Defendant provide an interpreter on many

4

occasions, including during admission, and Plaintiffs have renewed their requests for an interpreter when no interpreter or appropriate auxiliary aid was provided.

21.     The Defendant's staff has been unable to effectively communicate with Plaintiffs, and the Plaintiffs have been unable to effectively communicate with the Defendant's staff, as the Defendant has failed to provide a qualified interpreter at Defendant's facilities, except for on two occasions over the past four years, despite numerous requests for interpreters.

22.     On approximately three or four occasions, Defendant scheduled an interpreter to be present for meetings with Plaintiffs, but then cancelled the meetings and informed the Plaintiffs that the cancelation was due to the cost of the interpreter.

23.     Without a qualified interpreter being provided to Plaintiffs Stella Breen and Robert Breen, they have been unable to communicate effectively during critical aspects of Stella Breen's treatment at Defendant's facility.

24.     The basic care provided by the Defendant has been inadequate, as communication barriers led to the patient feeling frustrated, scared, and upset multiple times throughout her residency and care.

25.     Neither Stella Breen, nor her companion, Robert Breen, have had a complete understanding of what has taken place during Stella Breen's nursing home stay, as they have been unable to participate in and ask questions about her residency and care as the Defendant has failed to provide any effective accommodation for their disability.

26.     Plaintiff Stella Breen was ignored and humiliated by Defendant.  Defendant's actions resulted in Plaintiff Stella Breen being irretrievably denied the complete understanding of

the care she received while at the Defendant's facilities. Instead, Plaintiff Stella Breen experienced shame, anxiety, frustration, emotional distress, fear and discrimination.

27. Plaintiff Robert Breen, who was Stella Breen's companion while in Defendant's facilities, also experienced shame, anxiety, frustration, emotional distress, fear and discrimination in being denied understanding of Stella Breen's residency and care.

28. Each and all of the above acts, both of omission and commission, were acts of discrimination and each and all were a proximate cause of the damages suffered by Plaintiffs.

29. Defendant's willful, knowing, and repeated acts of intentional discrimination against Plaintiffs are evidence of a pattern and practice of discrimination that is in violation of the New York State Human Rights Law, N.Y. Exec. Law §292, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*., the Americans with Disabilities Act, and the Rehabilitation Act, and caused Plaintiffs to suffer and continue to suffer mental pain and anguish.

**FIRST CLAIM FOR RELIEF**
**Discrimination on the Basis of a Disability in**
**Violation of the Rehabilitation Act**
**(29 U.S.C. § 794 *et seq*.)**

30. Plaintiffs re-allege and incorporate by reference the allegations of fact contained in the previous paragraphs.

31. The purpose of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).

32.     At all times relevant to this action, the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, was in full force and effect and applied to Defendant's conduct.

33.     The operations of the Defendant are "program[s] or activit[ies]" within the meaning of 29 U.S.C. § 794(b)(3)(A)(ii).

34.     Defendant receives federal financial assistance within the meaning of the Rehabilitation Act.  29 U.S.C. § 794(a)

35.     Plaintiff Stella Breen is deaf and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language.  Therefore, Plaintiff Stella Breen is a qualified individual with a disability within the meaning of the Rehabilitation Act.  29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

36.     Plaintiff Robert Breen is deaf and his disability substantially limits his major life activities, including his ability to effectively communicate with others who do not know sign language.  Therefore, Plaintiff Robert Breen is a qualified individual with a disability within the meaning of the Rehabilitation Act.  29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

37.     Plaintiff Robert Breen is also a qualified individual because he is a person known to have a relationship with Stella Breen as demonstrated to the Defendant's staff.  Robert Breen was also entitled to effective communication due to his role as Stella Breen's husband and companion while in Defendant's facilities.

38.     The Department of Health and Human Services' regulations implementing the Rehabilitation Act clarify the requirements for recipients of federal financial assistance, such as the Defendant, stating that "[a] recipient . . . that employs fifteen or more persons shall provide appropriate auxiliary aids to persons with impaired sensory ... or speaking skills, where

necessary to afford such persons an equal opportunity to benefit from the service in question." 45 C.F.R § 84.52(d)(1).

39.     Defendant's policies, practices and procedures, particularly the actions and omissions described above, violated Plaintiffs' rights under § 504 by discriminating on the basis of disability.

40.     Appropriate auxiliary aids include, but are not limited to, interpreters.  45 C.F.R. § 84.52(d)(3).

41.     Defendant failed to comply with the Rehabilitation Act by refusing to provide to deaf and hard of hearing individuals, including Plaintiffs Stella Breen and Robert Breen:

- qualified interpreters;
- auxiliary aids and services;
- displays indicating availability of American Sign Language interpreters;
- forms to ensure ability of individuals to designate American Sign Language as their primary language;
- trained staff regarding the methods of communication employed by the deaf and hard of hearing, and how to ensure effective communications at its medical center;
- the provision/designation of an interpreter/ADA accessibility coordinator who would evaluate the needs of any deaf or hard of hearing individuals;
- policy and procedure to ensure compliance with the law;
- means of monitoring and reporting non-compliance with the law.

42.     The above are examples of techniques employed by other institutions to provide access to services, programs, benefits, activities and facilities for deaf and hard of hearing people in a manner consistent with the Rehabilitation Act and the ADA.

43.     Plaintiff Stella Breen was unable to effectively communicate with Defendant's staff, and she was excluded from discussions and decisions relating to her treatment and evaluation at Defendant's premises, which would have directly benefitted Ms. Breen, and which

were provided to other residents.

44.     Plaintiff Robert Breen was unable to communicate effectively with Defendant's staff, and he was excluded from discussions and decisions relating to his companion's treatment and evaluation at Defendant's premises, which would have directly benefitted Mr. Breen, and which were provided to other companions.

45.     Additionally, Defendant also denied Plaintiffs services that it made available to non-disabled patients and non-disabled companions and associates including, but not limited to, the ability to participate in general facility-wide meetings for all residents, the ability to participate in weekly religious services which took place at Defendant's facility, and the ability to attend and participate in off-campus trips and outings organized and directed by the Defendant.

46.     As a proximate result of Defendant's violations of Plaintiff Stella Breen's rights under the Rehabilitation Act, Ms. Breen has suffered discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property, among other harms.

47.     As a proximate result of Defendant's violations of Plaintiff Robert Breen's rights under the Rehabilitation Act, Mr. Breen has suffered discrimination, unequal treatment, exclusion, violations of his rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property, among other harms.

48.     Defendant's failure to comply with the Rehabilitation Act has resulted in harm to

Plaintiff Stella Breen.

49.     Defendant's failure to comply with the Rehabilitation Act has resulted in harm to Plaintiff Robert Breen.

50.     As a result of Defendant's breaches of law, Plaintiffs Stella Breen and Robert Breen have been damaged and injured and demand compensatory damages and injunctive relief consistent with the reasonable accommodations noted above requiring the Defendant to operate in compliance with applicable laws and regulations.

**SECOND CLAIM FOR RELIEF**
**Discrimination on the Basis of a Disability in Violation of**
**Title III of the Americans with Disabilities Act of 1990**
**(42 U.S.C. § 12181 *et seq*.)**

51.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

52.     Title III of the ADA requires that, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

53.     Plaintiff Stella Breen is a qualified individual.  Ms. Breen has a "disability" within the meaning of 42 U.S.C. § 12132(2).

54.     Plaintiff Robert Breen is a qualified individual.  Mr. Breen has a "disability" within the meaning of 42 U.S.C. § 12131(2).  Mr. Breen also has a known "relationship" in that

he accompanied his wife Stella Breen while in Defendant's facilities and made requests for an interpreter on her behalf.

55.     Plaintiff Robert Breen is a companion of Stella Breen and, as such, was entitled to reasonable accommodations to provide effective communication at Defendant nursing home.

56.     Defendant's facility is a place of "public accommodation" within the meaning of the ADA.  42 U.S.C. § 12181(7)(F).

57.     Defendant owns, leases (or leases to), or operates a place of public accommodation.  42 U.S.C. § 12182(a).

58.     Under Title III of the ADA, discrimination is identified, in part, as "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, . . . or otherwise treated differently than other individuals because of the absence of auxiliary aids and services."  42 U.S.C. § 12182(b)(2)(A)(iii).

59.     As described above, Defendant subjected Plaintiff Stella Breen to discrimination based upon her disability in violation of her rights under Title III of the ADA.

60.     As described above, Defendant subjected Plaintiff Robert Breen to discrimination based upon his disability in violation of his rights under Title III of the ADA.

61.     Defendant repeatedly failed to provide Plaintiff Stella Breen with auxiliary services in the form of qualified interpreters at Waterview Nursing and Rehabilitation Center.

62.     Defendant repeatedly failed to provide Plaintiff Robert Breen with auxiliary services in the form of qualified interpreters at Waterview Nursing and Rehabilitation Center.

63. Defendant failed to ensure that Plaintiff Stella Breen was not excluded, denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12182(b)(2)(A).

64. Defendant failed to ensure that Plaintiff Robert Breen was not excluded, denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12182(b)(2)(A).

65. Defendant discriminated against Plaintiff Stella Breen by refusing to provide Stella Breen with qualified sign language interpreters during her evaluation and treatment at Waterview Nursing and Rehabilitation Center.

66. Defendant discriminated against Plaintiff Robert Breen by refusing to provide Robert Breen with qualified sign language interpreters during Stella Breen's evaluation and treatment at Waterview Nursing and Rehabilitation Center, based on known relationship.

67. As a proximate cause of Defendant's violations of Plaintiff Stella Breen's rights under Title III of the ADA, Stella Breen has suffered discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

68. As a proximate cause of Defendant's violations of Plaintiff Robert Breen's rights under Title III of the ADA, Robert Breen has suffered discrimination, unequal treatment, exclusion, violations of his rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

69.     As a result of Defendant's breaches of law, Plaintiff Stella Breen has been damaged and injured and demands injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

70.     As a result of Defendant's breaches of law, Plaintiff Robert Breen has been damaged and injured and demands injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

### THIRD CLAIM FOR RELIEF
**New York City Human Rights Law**
**N.Y.C. Admin. Code § 8-101 *et seq*.**

71.     Plaintiffs re-allege and incorporate by reference each and every allegation above as if fully set forth herein.

72.     Plaintiff Stella Breen has a "disability" as defined by New York City Human Rights Law, Sec. 8-102 (16)(a), in that she is deaf.

73.     Plaintiff Robert Breen has a "disability" as defined in New York City Human Rights Law, Sec. 8-102 (16)(a), in that he is deaf, and also has a known "relationship" in that he accompanied his wife Stella Breen while in Defendant's facilities and made requests for an interpreter on her behalf.

74.     Plaintiff Robert Breen is a known companion of Stella Breen and, as such, was entitled to reasonable accommodations to provide effective communication at Defendant nursing home.

75.     Defendant's facility, Waterview Nursing and Rehabilitation Center, is a place of

"public accommodation" within the meaning of New York City Human Rights Law, Sec. 8–102 (9). This facility is a "covered entity," in that they are prohibited from engaging in unlawful discriminatory practices. NY City Human Rights Law § 8–102 (1), (17).

76. Providing a sign language interpreter in order to allow deaf or hard of hearing individuals to communicate with staff during discussions of care and services is a "reasonable accommodation" within the meaning of New York City Human Rights Law, Sec. 8-102 (18).

77. Defendant discriminated against Plaintiff Stella Breen on the basis of Ms. Breen's disability and failed to make a "reasonable accommodation" for Ms. Breen's disability when they failed to provide Ms. Breen with a qualified sign language interpreter during her residency and care at the nursing home. New York City Human Rights Law, Sec. 8-107 (5), (15).

78. Defendant discriminated against Plaintiff Robert Breen on the basis of Mr. Breen's disability and relationship to Stella Breen, and failed to make a "reasonable accommodation" for Mr. Breen's disability when they failed to provide Mr. Breen with a qualified sign language interpreter during his companion's evaluation and treatment. New York City Human Rights Law, Sec. 8-107 (5), (15).

79. As a result of Defendant's actions in violation of New York City Human Rights Law, Plaintiff Stella Breen was damaged and injured.

80. Plaintiff Stella Breen was caused to suffer as a consequence of Defendant's failure to provide Ms. Breen with effective communication when seeking to discuss her medical history, health concerns and complaints, residency and care at Waterview Nursing and Rehabilitation Center, due to Defendant's failure to provide reasonable accommodations such as qualified interpreters.

81.     As a result of Defendant's actions in violation of New York City Human Rights Law, Plaintiff Robert Breen was damaged and injured.

82.     Plaintiff Robert Breen was caused to suffer as a consequence of the Defendant's failure to provide Mr. Breen with effective communication when seeking to discuss Stella Breen's medical history, health concerns and complaints, residency and care at Waterview Nursing and Rehabilitation Center, due to Defendant's failure to provide reasonable accommodations such as qualified interpreters.

83.     Plaintiffs were caused to suffer as a consequence of Defendant's continued failure to provide reasonable accommodations such as qualified interpreters. Defendant has wantonly, recklessly and maliciously acted with disregard for the rights and wellbeing of Plaintiffs, and Plaintiffs are thereby entitled to punitive damages.

84.     By reason of the foregoing, Plaintiffs demand compensatory and punitive damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

**FOURTH CLAIM FOR RELIEF**
**New York State Human Rights Law**
**N.Y. Exec. Law § 292**

85.     Plaintiffs re-allege and incorporate by reference each and every allegation above as if fully set forth herein.

86.     Plaintiff Stella Breen has a "disability" as defined by New York State Human Rights Law §292 (21) in that she is deaf.

87.     Plaintiff Robert Breen has a "disability" as defined by New York State Human Rights Law §292 (21) in that he is deaf.  Mr. Breen also has a known "relationship" in that he

accompanied his wife Stella Breen while in Defendant's facilities and made requests for an interpreter on her behalf.

88.     Plaintiff Robert Breen is a companion of Stella Breen and, as such, was entitled to reasonable accommodations to provide effective communication at Defendant's nursing home.

89.     Defendant Waterview Nursing and Rehabilitation Center is a place of "public accommodation" within the meaning of New York State Human Rights Law §292 (9).

90.     Defendant discriminated against Plaintiff Stella Breen based on her disability by directly refusing, withholding and denying her accommodations, advantages, facilities, and privileges of the Nursing home, under New York State Human Rights Law §296 (2).

91.     Defendant discriminated against Plaintiff Robert Breen based on his disability by directly refusing, withholding and denying him accommodations, advantages, facilities, and privileges of the Nursing home, under New York State Human Rights Law §296 (2).

92.     Defendant participated in discriminatory practices by refusing to make reasonable modifications in policies, practices or procedures when such modifications were necessary to afford facilities, privileges, advantages or accommodations to Plaintiffs under New York State Human Rights Law §296 (2)(c)(i).  Defendant refused to take necessary steps to ensure that Plaintiffs would not be excluded or denied services because of the absence of auxiliary aids and sign language interpreter services, and thus is in violation of New York State Human Rights Law §296 (2)(c)(ii).

93.     Plaintiff Stella Breen, suffered physical pain, severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendant's violations of New York State Human Rights Law.

94.     Plaintiff Robert Breen suffered severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to defendant's violations of New York State Human Rights Law.

95.     By reason of the foregoing, Plaintiffs demand compensatory damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendants to operate in compliance with applicable laws and regulations

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

96.     Enter such declaratory and injunctive relief under Title III of the ADA, Section 504 of the Rehabilitation Act, New York City Human Rights Law, and New York State Human Rights Law, against the Defendant and in favor of Plaintiffs, as it deems appropriate to remedy past violations of the laws of the United States and to prevent future violations of the same, including making available to deaf and hard of hearing individuals, among other forms of relief:

- Qualified interpreters;
- Auxiliary aids and services;
- Displays at Defendants' facility indicating availability of American Sign Language interpreters;
- Modification of health forms to ensure ability of individuals to designate American Sign Language as their primary language;
- Training for Defendants' staff regarding the methods of communication employed by the deaf and hard of hearing, and how to ensure effective communications at its medical center;
- Provision/designation of an interpreter/ADA accessibility coordinator at Defendants' place of business who would evaluate the needs of any deaf or hard of hearing individuals;
- Changes in policy and procedure to ensure compliance with the law;
- Implementation of means of monitoring and reporting non-compliance with the law.

97.     Enter judgment against the Defendant and in favor of the Plaintiffs for such

compensatory damages as suffered by Plaintiffs under Section 504 of the Rehabilitation Act, and New York State Human Rights Law;

98.    Enter judgment against the Defendant and in favor of the Plaintiffs for such injunctive, compensatory and punitive damages as suffered by the Plaintiffs pursuant to New York City Human Rights Law;

99.    Enter judgment against the Defendant and in favor of the Plaintiffs for the costs of litigation, including reasonable attorneys' fees and costs; and

100.    Award the Plaintiffs any and all further relief that the Court deems appropriate.

## **JURY DEMAND**

101.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated:  August 23, 2018
       New York, New York

                      Respectfully submitted,


                      /s/ Bruce J. Gitlin
                      Bruce J. Gitlin, Esq.
                      New York Center for Law and Justice
                      2095 Broadway, Suite 308
                      New York, NY 10023
                      (212) 757-2800
                      *Attorney for Plaintiffs*